**WO**

NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Theodore E. Coit Jr., | No. CV-10-0382-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| The Biltmore Bank, | |
| Defendant. | |

This case, which originated in Arizona State Court, was recently removed pursuant to 28 U.S.C. 1441(b). In his Amended Complaint, Plaintiff Theodore E. Coit Jr. ("Mr. Coit"), appearing *pro se*, alleges that is the owner of real property located in Phoenix, Arizona. (Dkt. # 1, Ex. A at 1.) That property, however, is subject to a deed of trust, of which the Biltmore Bank ("Biltmore") is the current beneficiary. (*Id.*) According to the Complaint, Biltmore engaged in unlawful debt collection practices that violates the federal Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. 1692g(b). Mr. Coit further seeks quiet title pursuant to Arizona law. (Dkt. # 1, Ex. A at 1.) Because Plaintiff's FDCPA claim fails as a matter of law, the Court remands this case back to Maricopa County Superior Court for further

adjudication.[1]

## DISCUSSION

The FDCPA makes it unlawful to use abusive tactics when collecting debts. By its express terms, however, the Act only applies to "debt collectors." Under the Act, a "debt collector" is defined as "any person . . . who regularly collects or attempts to collect . . . debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The term "debt collector" excludes:

> [A]ny person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity ... (ii) concerns a debt which was originated by such person [or] (iii) concerns a debt which was not in default at the time it was obtained by such person.

18 U.S.C. § 1692g(a). Several courts have further observed that the "FDCPA's definition of debt collector 'does not include the consumer's creditors, a mortgage servicing company or any assignee of the debt, so long as the debt was not in default at the time it was assigned.'" *Nool v. HomeQ Servicing*, 653 F. Supp.2d 1047, 1053 (E.D. Cal. 2009) (quoting *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985)); *see also Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp.2d 1178, 1182 (D. Ariz. 2009) (holding that "an assignee, a servicing company, and a fiduciary" are not debt collectors under the FDCPA). Courts have also "routinely held that 'creditors who collect [debts] in their own name and *whose principal business is not debt collection* . . . are not subject to the [FDCPA]." *Oei v. N. Star Capital Acquisitions, LLC*, 486 F. Supp.2d 1089, 1097 (C.D. Cal. 2006) (quoting *Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Because creditors are generally presumed to restrain their abusive collection practices out of a desire to protect their corporate goodwill, their debt collection activities are not subject to the Act unless they collect under a name other than their own.")).

In the instant case, the Amended Complaint provides that Mr. Coit owes a debt to

---

[1]The parties' requests for oral argument are denied as the Court has determined that oral argument will not aid in its decision. *See Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev.*, 933 F.2d 724, 729 (9th Cir. 1991).

Biltmore and indicates that Biltmore is the beneficiary of the deed of trust recorded against his property. (Dkt. 1, Ex. A at 1–2.) Accordingly, because Biltmore is attempting to collect a debt in its own name, and because it appears that Biltmore's principal business is not debt collection, Mr. Coit has failed to adequately allege that Biltmore is a debt collector under the FDCPA. *See Nool*, 653 F. Supp.2d at 1053; *Oei*, 486 F. Supp.2d at 1097. And while Biltmore is not the original creditor, the official records of the Maricopa County Recorder, of which the Court takes judicial notice,[2] provide that the debt was assigned to Biltmore for $47,477.04. (Dkt. # 8, Ex. A.) Mr. Coit does not allege in his Complaint, subject to Rule 11(c) sanctions, that the debt was in default when it was assigned.

Accordingly, Mr. Coit's FDCPA Claim is dismissed without prejudice. Because Mr. Coit's only federal claim is dismissed, the Court remands his remaining state-law claim against Biltmore for quiet title to Maricopa County Superior Court. *See Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 357 (1988) ("[W]hen a district court may relinquish jurisdiction over a . . . case involving pendent claims, the court has discretion to remand the case to state court."); *see also Les Shockley Racing Inc. v. Nat'l Hot Rod Ass'n*, 844 F.2d 504, 509 (9th Cir. 1989) (holding that when a federal court "dismisses [federal claims] leaving only state claims for resolution, the court should decline jurisdiction over the state claims").

**IT IS THEREFORE ORDERED** that Biltmore's Motion to Dismiss is **GRANTED** (Dkt. # 8), and Mr. Coit's FDCPA claim is dismissed without prejudice.

**IT IS FURTHER ORDERED** that Mr. Coit's Ex Parte Motion for Order Enlarging Time (Dkt. # 18) is **STRICKEN** as Mr. Coit did not receive prior authorization to file a motion ex parte and because he fails to explain why the Court should consider the Motion

---

[2]Although the instant Order pertains to Biltmore's Motion to Dismiss, the Court in its discretion may consider material outside the complaint that is properly the subject of judicial notice. *See Levine v. Diamanthuset, Inc.*, 950 F.2d 1478, 1483 (9th Cir. 1991). Under Federal Rule of Evidence 201, "matters of public record," are the proper subject of judicial notice. *See Quiroz v. Countywide Bank, N.A.*, 2009 WL 3849909, at *1 n. 1 (C.D. Cal. Nov. 16, 2009) (taking judicial notice of a properly recorded trustee's sale).

ex parte.

**IT IS FURTHER ORDERED** that Mr. Coit's Motion to Remand his remaining state law claim is **GRANTED** (Dkt. # 12). The Clerk of Court is directed to remand this action back to Maricopa County Superior Court.

DATED this 18th Day of May 2010.

_____
G. Murray Snow
United States District Judge